IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
(PANAMA CITY)

**STEPHANIE C. SMITH,**

                              Case No. 5:23-cv-00174-MW-MJF

    Plaintiff,

v.

**OUTLAW RENTALS, INC.;**
**CLASSY CYCLES, INC.; and**
**COLLEEN SWAB,**

    Defendants.
_____/

**DEFENDANTS' EMERGENCY[1] MOTION FOR PROTECTIVE ORDER TO QUASH NOTICES FOR DEPOSITIONS**

Defendants, Outlaw Rentals, Inc. ("Outlaw Rentals"); Classy Cycles, Inc. ("Classy Cycles"); and Colleen Swab ("Ms. Swab"), (collectively "Defendants"), respectfully move this Court for entry of an Order quashing the notices of taking depositions of Colleen Swab, Rick Roof, Kim Munich, Corporate Representative for Outlaw Rentals, Inc. and Classy Cycles, Inc. and in support thereof state as follows:

---

[1] This Motion is filed as an Emergency pursuant to Local Rule 7.1(L), because a ruling is required more promptly than would occur in the ordinary course of business.

1

1. This matter is a Fair Labor Standards Act ("FLSA") action. The case is based on claims by Plaintiff for overtime compensation. Notably, there is no counterclaim and Plaintiff's only claim against Defendants is set forth under the FLSA.

2. On December 6, 2023, Defendants sought a modification of the Scheduling and Mediation Order in this matter. (Doc. 14). The Court denied that Motion, instructing the Parties to cooperate in scheduling depositions in the time agreed in the first scheduling order. (Doc. 15).

3. The same day the Court entered the Order denying the modification, Plaintiff, without any contact to the undersigned, served four notices for five depositions to begin nine (9) days after the notice. *See* Composite Ex. "A".

4. This immediate service of notices was contrary to the Court's Order entered that very day stating that "[i]n the event that the parties are unable to cooperate in scheduling depositions in the time they originally agreed was sufficient, this Court will entertain a motion for extension." (Doc. 15 at 2.) There was no attempt to cooperate by

Plaintiff or coordinate the depositions on mutually agreeable dates and times, only immediate and unilateral service of deposition notices.

5. While counsel to the Parties had previously discussed availability of counsel for depositions, at no time had counsel addressed the availability of the Defendants or others to be deposed.

6. In the subsequent days, the Parties continued settlement discussions. Plaintiff took the position that she is entitled to $10,355.07[2] in unpaid overtime and an equivalent amount in liquidated damages. *See* Composite Ex. B.

7. Plaintiff offered to resolve this matter on December 11, 2023 for $20,710.14 to Plaintiff and $13,000 in fees and costs to Plaintiff's counsel. Included in this offer was a request for a general release of claims that Defendants may have against Plaintiff.

8. On December 12, 2023, in an effort simply to bring this matter to a close, to be unburdened from litigation, and to fully compensate or otherwise satisfy Plaintiff's demand, Defendants accepted Plaintiff offer of $20,710.14 and $13,000 in attorney's fees as to her FLSA claims

---

[2] This amount is consistent with Plaintiff's Rule 26(e) Disclosures as to her computation of damages.

3

split over three monthly payments. In short, Defendants agreed to make Plaintiff whole for all issues pending before the Court on a time scale that would conclude payments prior to trial on this matter, which is currently scheduled for March of 2024.

9. However, in response, Plaintiff thereafter asserted that in order to resolve this FLSA case, that all Defendants release "any claims arising out of Ms. Smith's employment with defendants **as well as any alleged loans between the parties**. (emphasis added)" As the Court is no doubt aware, Plaintiff has no pending claims before this Court relating to personal loans between the Parties or any other matter. Rather, Plaintiff's Complaint in this action is simply a single count FLSA case.

10. When the undersigned inquired as to the independent consideration regarding the release of other loans and other matters, Plaintiff's response was simply that a full release of claims against her is part of the deal to resolve this case.

11. Despite Defendants agreement to fully compensate Plaintiff and provide a FLSA release, Plaintiff now seeks to use the threat of continued litigation activity, including the five depositions, and the

www.spirelawfirm.com

civil discovery process as a cudgel to free herself from other potential exposure, including personal loans between the individuals involved. Rather than reach reasonable and complete satisfaction of her FLSA claims, Plaintiff has caused this Motion to be brought before this Court due to matters that are irrelevant to Plaintiff's FLSA claims, such as purported personal loans.

12. Moreover, Plaintiff is now using the physical vulnerability of one of the deponents as a further leverage point. Indeed, during the course of the discussions regarding depositions and settlement, the undersigned disclosed to Plaintiff's counsel that Mr. Rick Roof, one of the individuals to be deposed, had recently undergone surgery to his face on or about December 8, 2023, and that the following weekend both of his eyes were swollen shut and his lips and mouth area were so swollen that he was having a difficult time speaking. Ms. Swab is Mr. Roof's daughter, and is helping to provide care for her father. Furthermore, Mr. Roof is taking pain medication during his recovery period. Notably, at no point in any conversation about setting depositions did Plaintiff's counsel indicate an intent to depose Mr.

Roof—the first time the undersigned became aware of it was when the notices were served.

13. When asked if Plaintiff intends to move forward with all five depositions on December 18 and 19, 2023, Plaintiff's response was an unequivocal, yes.

14. Defendants are assessing their next steps seeing as they have now offered to completely compensate Plaintiff for all amounts she claims are due under the FLSA, while still refusing to settle this matter. This is a transparent attempt to utilize the burden of civil litigation and discovery to extract further, entirely unrelated concessions from Defendants. Defendants will soon submit additional motion practice to the Court to navigate Plaintiff's attempt to harass Defendants through court process.

15. Defendants, however, have an immediate and pressing need to be relieved of their obligation to appear for the unreasonably noticed depositions set for Monday and Tuesday of next week.

## **MEMORANDUM OF LAW**

The Defendant's respectfully request Court issue a Protective Order quashing the unreasonably issued notices because: 1) Plaintiff has an offer to be made whole, according to her own assessment of her claims, and is unreasonably utilizing the civil discovery process to harass Defendants into further unrelated concessions; 2) Plaintiff disregarded this Court's order (Doc. 15) that instructed the parties to work cooperatively to schedule depositions; and 3) the notices were issued in an unreasonably short amount of time considering the number of depositions, and the additional factors such as Mr. Roof's medical conditions and various other complications addressed *supra*.

This Court has ruled that "Rule 30(1)(1) of the Federal Rules of Civil Procedure, provides in relevant part that 'A party who wants to depose a person by oral question must give reasonable notice to every other party.' 'There is no hard-and-fast rule that provides the parameters of reasonable notice. At the very least, however, the reasonableness of any notice is contingent upon the specific facts of the case.' " *Paylan v. Teitelbaum*, 1:15-cv-00159, Doc. 91 (N.D. Fla. May 23, 2017). The Court therein noted that the

Middle District of Florida's local rules mandate a minimum of ten days written notice and guides that substantially more than ten days is strongly recommended. In this instance, five depositions are scheduled over two days, the first two of which were scheduled with fewer than ten days from the date of the notice. Moreover, one of the deponents has recently undergone surgery and is receiving medication for recovery—the other individual implicated by the three additional depositions, Ms. Swab, is helping with care for her father and addressing the business needs of the company at the end of the year.

The Eleventh Circuit Court of Appeals has upheld the "authority of the district court to control the pace of litigation before it," and "the broad discretion [that] district courts have in managing their cases." *Chrysler Inter. Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002), *citing Johnson v. Bd. Of Regents of University of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling").

WHEREFORE, Defendants respectfully request this Court enter a Protective Order, quashing the depositions of the corporate representative

of both corporate Defendants, and the deposition of Colleen Swab, Rick Roof, and Kim Munich. Defendants further request the award of any and all sanctions this Court deems just and proper for the filing of this Emergency Motion, specifically including attorney's fees.

## LOCAL RULE 7.1(C) CERTIFICATION

Defendants certify that they have conferred with Plaintiff's counsel regarding this Motion and that Plaintiff opposes the requested relief.

Dated this 13th day of December, 2023.

                    Respectfully submitted,

                        SPIRE LAW, PLLC
                        2572 W. State Road 426, Suite 2088
                        Oviedo, Florida 32765

                        By: */s/ Jesse I. Unruh*
                        Jesse I. Unruh, Esq.
                        Florida Bar No. 93121
                        Alyssa Castelli, Esq.
                        Florida Bar No. 1032306
                        jesse@spirelawfirm.com
                        alyssa@spirelawfirm.com
                        marcela@spirelawfirm.com
                        filings@spirelawfirm.com
                        Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of December, 2023., the foregoing was electronically filed through the CM/ECF system, which will send a notice of electronic filing to Plaintiff's counsel, Bradley S. Odom, Esq. ODOM LAW GROUP, P.A., 1800 North "E" Street, Pensacola, Florida 32501, Telephone (850) 434-3527, email@odomlawgroup.net.

*/s/ Jesse I. Unruh*
Attorney
